# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>               Plaintiff,<br><br>    v.<br><br>ESCALANTE,<br><br>               Defendant. | Case No. 16-cr-00382-HSG-1<br><br>**ORDER ON GOVERNMENT'S APPLICATION FOR AN ORDER RE: WAIVER OF PRIVILEGE, LIMITED DISCOVERY, AND MODIFICATION OF BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 916 |

On May 6, 2019, Defendant Oscar Escalante filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, based on ineffective assistance of counsel. Dkt. No. 848. The Court directed the government to respond to Defendant's motion by July 3, 2019. Dkt. No. 894. The government then filed the currently pending motion seeking the Court to issue an order: (1) confirming that Defendant Escalante waived the attorney-client privilege as to his communications with his counsel, Martin Sabelli and Richard Hullinger; (2) directing Mr. Sabelli and Mr. Hullinger to produce discovery relevant to their representation of Defendant Escalante; and (3) modifying the briefing schedule to allow the government to file its opposition by July 29, 2019. Dkt. No. 916.

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). The Court agrees that Defendant Escalante has waived his attorney-client privilege as it pertains to the subject matter of the communications with defense counsel disclosed in his § 2255 petition. However, it is not apparent to the Court that this conclusion authorizes compelling defense counsel to "provide to the government all information and documents

regarding [the issues within the scope of the waiver], including but not limited to notes, memoranda, letters, emails, other communications, billing records, and similar documents." Dkt. No. 916 at 4. The Court is unaware of, and the government does not cite, any authority supporting this sort of order compelling production of a broad range of materials in the possession of a defendant's former counsel. Therefore, if the government continues to seek an order from the Court directing defense counsel to provide this discovery, it must file a brief of no more than five pages providing supporting authority for the requested order (including as to the scope of production). This brief must be filed by July 3, 2019.

The Court **GRANTS** the government's request for an extension to respond to Defendant Escalante's petition. The government shall file its opposition on or before July 29, 2019. Unless otherwise ordered, the matter will be deemed submitted once the government files its response.

This order terminates Docket Number 916.

**IT IS SO ORDERED.**

Dated: 6/28/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge